Your Honor, the first case on the docket is 2-17-0689, speaking of the State of Illinois, defendant, Chloe, v. Timothy Chatman, defendant's cousin. Arguable in behalf of the defendant's counsel, Ms. Santiago, and Mr. Romwell. Arguable on behalf of Chloe, Ms. Diane, and Mr. Romwell. Are both sides ready to proceed? Yes, Your Honor. Counsel, when you're ready, then. Yes, Your Honor. Good morning, Your Honors. Good morning, Mr. Chatman. Your Honors, today I will be asking this court to remand this cause for proceeding to consistent with Shelstrom. In this case, the trial judge tried to do the correct thing by converting the recharacterizing defendant's successive post-conviction petition into a first post-conviction petition. Let's talk about that if we can, because this is a little bit of an unusual fact pattern. As I understand Shelstrom, one of the reasons the court takes the pleading that may not be labeled post-conviction and characterizes it as one, there's some waiver implications down the road, possibly, by doing that, that the defendant is probably not aware of. So in the interest of fairness, initially carved out by the United States Supreme Court, they suggested this person needs to have notice as to the effect down the road if you go this route. So he can come in and weigh in on their object. But here, it's characterized, albeit it is a first successive whatever, but it's characterized as a post-conviction petition. That was the label that the defendant himself put on the petition, right? He used the word successive. So I guess what I'm struggling is, where is the recharacterization that was done that converted from something else into a post-conviction petition? Well, the judge himself considered a recharacterization. Certainly, he could not have viewed what was labeled as a successive post-conviction petition accompanied by a motion for leave to file a successive post-conviction petition trying to establish cause of prejudice. When the judge saw that, he immediately notices he should have that this was not an original post-conviction petition. Well, how did the trial judge treat it then? Well, he tried to recharacterize it as a first post-conviction petition because this case is very interesting based on its convoluted procedural history. Right. There was an original. So the judge here did not treat it as the cause of prejudice test. Is that correct? That's why the gist or, you know, the tragedy. He recognized that there had never been an original post-conviction petition in this case. And he treated it as such. And he treated it as such. So where was the prejudice to the defendant? Well, that's a good question, Your Honor, because Shellstrom error is not subject to harmless error analysis. And that comes straight from Shellstrom. The decision in Shellstrom. Shellstrom made it clear that a pleading does not become a post-conviction petition, an original post-conviction petition, if the Shellstrom admonishments are not given. And in fact, I can quote the language in Shellstrom, which is at page 70 of the decision, where the court states, if the court fails to give the admonishments, the pleading cannot be considered to have become a post-conviction petition. For purposes of applying to later pleadings, the act's restrictions on successive post-conviction petitions. Right. But this was either going to be a first post-conviction petition, which is what the trial judge treated it as. Yes. Or it would be a second successive, which would have to show a higher burden of cause. Yes. So what I'm grappling is, how is the defendant prejudiced? The trial judge arguably helped the defendant, because by treating it as a first, which is all that he could ever be initially, okay, he didn't require the cause and prejudice test. He might have knocked it out on them, and the judge would have never even heard it. Yes. He basically said, okay, given the history here, you're starting over. I'm not going to prejudice you by what happened previously. I will look at this and apply the test as though it was filed for the first time. Yes. So why would he give him notice of that? Well, that's where we go into the policy behind Shellstrom, which is to give the defendant one full opportunity to present all of the claims of constitutional violations. At this point, what would he have included in a post-conviction that you don't include in a petition for successive? Well, a recurring example of that, Your Honor, would be a claim of ineffective assistance of appellate counsel. If appellate counsel was ineffective for not raising an error that was evident in the record, that claim should be raised in the original post-conviction petition by the defendant. If he does not raise that claim of ineffective assistance of appellate counsel, it is forfeited. In a successive. In a successive petition. We see that all the time. So let's say that, in this case, the defendant would have had such a claim or may have such a claim, in fact, that we don't know about. Shellstrom is intended to provide him with the opportunity of bringing that claim in. Shellstrom also provides him with the opportunity of withdrawing the pleading. So what would the notice have enabled the defendant to do? It would have allowed him to... I have the admonishments here. It would have allowed him to withdraw or amend the pleading in order to add the claims that he would have been able to state in an original post-conviction petition that he would not be able to raise in a successive PC, such as the claim of ineffective assistance of counsel that I just described. But what would the notice to the defendant specifically in your mind contain? You would hereby notify what? Well, the court in Shellstrom provided what the notice should say. You need to notify the defendant that the pleading is being re-characterized as a first petition. Then second... But that's when it's labeled something else, correct? You can see that under Shellstrom, the pleading was not labeled a post-conviction in any manner. The court... Usually, yes. Usually it is not. But again, it's an established principle that pleadings are judged not by how they're captioned or labeled, but by the substance of the pleading. But that's what you're doing here. You're judging the pleadings here just by the caption, because the reality is he called it a post-conviction petition and he only added successive. So that's the caption. This was, in fact, a post-conviction petition. We are not sure of that, Your Honor. He did file the motion for leave to file the successive petition in which he attempted to establish cause and prejudice, which, substantively, that is walking and quacking like a duck. You don't need, if you look at the substance of what he filed, you don't need a motion for leave to file a post-conviction petition. Just the motion itself indicates that the defendant believed that he was at the successive PC stage and not at the original PC stage. Because if he was at the original PC stage, why file a motion for leave to file a successive PC and have to try and overcome the higher burdens of cause and prejudice? You don't need that if you're filing an original PC. That indicates that he believed he was at the successive post-conviction petition. And because of that, he may have omitted claims in his successive petition that he may have raised in the original petition. Like what? Like ineffective assistance. Anything else? Well, there are claims that you can raise. Yes, again, with ineffective assistance of counsel. If there is a claim of ineffective assistance of trial counsel that is not based on the record, let's say that the counsel gave bad advice to the defendant about testifying or rejecting a plea, something along those lines, that is not in the record, again, that is something that should be included in the first PC because the defendant is clearly aware of that, that cannot be raised in the successive PC because he has forfeited it by not raising it in the original PC. So there are claims that can be raised in the original PC that cannot be raised in a successive PC because they will be forfeited. So, again, Shellstrom is intended to avoid an inadvertent waiver of this important constitutional right. It is intended to protect, as a matter of policy, the defendant's right to have one full opportunity to raise the constitutional errors that may have occurred. This was not simply, though, a motion for successive, as we traditionally know it, with the cause and prejudice of the defendants trying to explain what happened. Weren't there allegations? What were the allegations in here in this, what he labeled as a successive? What was he complaining about? Well, he was complaining about, if I recall correctly, that the prosecutor's coerced testimony from a witness that his lawyer failed to present any defense, and there may have been another claim that I do not recall at the moment. I mean, those are the things that you would traditionally raise in an initial post-condition, would you not? He didn't just simply say, I'm filing a motion for the court to grant me leave to file a second successive, and then, if that's granted, hopefully, the defendant will file his petition with these substantive allegations. He had substantive allegations in there, did he not, as he would have in a regular PC petition. That is true, Your Honor. The concern, of course, is that he did not have all of the claims that he could have raised, potentially, because he believed that he was filing a successive PC as demonstrated by the fact that he filed a motion for leave to file a successive PC when he tried to overcome the cause and prejudice test. So we don't know whether he kept out a claim that he could have raised in the first PC because he was under a misapprehension that he was filing a successive PC. So the trial judge would have, from your perspective, and I don't mean to put words in your mouth, but so I understand, the trial judge would have brought him back in and said, Sir, do you understand your first PC was stricken? It is a nullity. It never carried any weight in terms of being your first and only PC. Therefore, you can raise any claims. You are not limited to claims particular to a successive. Is that basically the gist of the notice you think should have been given? Yes. Yes. All I'm asking is that the defendant be given the short-term admonishments, the court provider and the short-term bank. Inform the defendant that the court is recharacterizing the petition. Inform him that based on the recharacterization, any subsequent post-conviction petition will be subject to the restrictions, quote, unquote, of successive post-conviction petition. So this would be an extension of Shellstrom, would it not? No, it would be a direct application of Shellstrom, Your Honor. The problem here was that there were no Shellstrom admonishments when the pleading filed by defendant was recharacterized as a first PC. No, I can't agree. It's an extension because Shellstrom was retaking something that you admitted was mislabeled, something other than a PC, and the judge recharacterized it as a PC. Here you're asking an extension of Shellstrom because specifically what you're saying is the judge recharacterized the successive petition as a first petition without notice. We're still talking about a PC petition in any event, are we not? We are, Your Honor. That's a good question. And my point here is that a successive PC is a different cognizable claim than a first PC. But you'd have to concede there is no case that says under these facts the trial judge has to recharacterize the erroneous second successive petition as a first and then give notice. That is correct. I can find no case that says that, which is what makes this case so distinctive. And the standard set out at Shellstrom is that the pleading that was filed has to be a cognizable action. It doesn't define or it doesn't limit the time of action that is cognizable. So I have seen cases where habeas petitions were converted to first PCs. I think that was the original Supreme Court case, wasn't it? I don't recall exactly. The United States Supreme Court started this and then was picked up later by the state courts. So I have seen cases with that. I have seen cases where petitions were really from judgment were converted to first post-conviction petitions. I have seen a case where a motion to withdraw a guilty plea was converted. Right, because the body, you know, the life effect of the title should have been or the body was not consistent with what the defendant was asking for. And so the court in fairness, obviously, again, we go back to it has some waiver implications down the road if you don't notify the defendant. So you're here on this albeit slender read of saying here, although you admit everything, you're saying there could have been something the defendant would have included had he known it was being treated as a first instead of a second. Not that it was improperly characterized as a post-conviction because that's what he filed, but you're saying you're hanging in there on the grounds that he should have been notified that by treating it as a first you would need to put everything in there you should have put in the original. Yes, I'm out of time. May I answer the question? Yes. Yes, I'm hanging my argument on the fact that a successive post-conviction petition is a recognizable action that is separate from a post-conviction petition, which is all that Shellstrom requires. If they were not, if a successive post-conviction petition was not a different cause of action, a different recognizable cause of action than a post-conviction petition, then why did the legislature create these two distinct causes of action? Because the defendant is only supposed to get one post-conviction petition hearing absent leave of the court. And here he did get it, and you're saying he put in substantive allocations as to why the proceedings were deficient, but he didn't say anything about potential ineffective assistance of counsel on appeal. So on that basis, because he could have, although we don't know that he was going to, it should go back on that slender read, right? It should go back because exactly. He should be given one full opportunity to raise all of the claims of constitutional power. Let me just ask one more question on this, because if the court had not treated this as the initial post-conviction petition and treated it as he had requested a successive post-conviction, where he would have had the higher burden, the defendant, and the court ruled the way that it did, Shellstrom doesn't apply. In other words, he would be, obviously the judge here used a higher standard to get him to the second stage. And then by making it a first, he lowered his, the defendant's standard, and you're essentially saying that you want it to go back just because he called it the initial. Yes. He would have lost at. He, the trial court. No, the defendant. The defendant would have lost if this, I mean, the defendant's result would be the same had this been a successive post-conviction. Well, that would be a different type of error, because if the judge would have considered defendant's pleading as a successive post-conviction petition, that would have been error in that. But there's no case law that would require the judge to recharacterize this as a, something other than what he said based upon your argument. It's true. There's no case law that would require the recharacterization. But the defendant will still be in a position where he has not had his one full opportunity. And so you're saying that if the judge had just not done anything, considered this as a second successive post-conviction, the court should have sent it, trial court should have sent it back with Shellstrom's ad motus. That's your position? No. I'm saying that, as I understand your question, Your Honor, you're, you're, you're right for the judge to rule on defendant's pleading as if it was a successive post-conviction petition. As he had requested. As he had requested. In other words, if he, the judge had not reduced the burden on the defendant. Yes. If the judge would have done that, then what I would have done as defendant's It should have been converted to a first PC. Because of the fact that there was an earlier ruling that that earlier petition was annulled because the defendant had nothing to do with it. Exactly. All right. So you're correct on that. But here it was treated as it should have been. Albeit, you're saying because you're saying somehow you're dividing. He, he didn't put everything in he could have. He held something back. So now it should go back to that possible subject. Yes. I'm asking for proceedings that are consistent with the Shell Street Amendment. Okay. The last question. Yes. I'm in the middle. I get to ask the last question. So here's the deal. In his pleading, he never mentioned ineffective assistance of his appellate counsel. Nor did he ever indicate any issue, I'll call it issue, with his trial attorney that would have been outside the record. Is that true? The closest, he made no claim that I recall about his appellate counsel. If I recall correctly, he claimed that his trial counsel did not raise all of the defenses that were available. That's arguably outside the record. Yes. So the piece that could potentially be missing, if your client was told this is a first PC as opposed to a successor, would be he could then have raised ineffective assistance of appellate counsel. At a minimum, there may be other constitutional claims that he may have raised. But at a minimum, yes. There are claims of – there are potential claims of ineffective assistance of appellate counsel and of trial counsel that he could have included in an original case. Well, he could have, would have, should have. But the question is what would have been forfeited besides outside the record ineffectiveness of trial counsel and ineffectiveness of appellate counsel? Those are the two clearest examples that I can think of. Okay. Fair enough. But one final question. Did he make any allegations in the petition about, you say, trial counsel didn't include everything? Did he put that in his petition? Yes. Okay. So he knew that he had the right to complain about counsel because he, in fact, complained about counsel. In that – Right? Well, in that regard, yes, but there is no claim of ineffective assistance of appellate counsel. And, again, at this point, it would be my reading on my part to try and speculate as to what defendant may have raised or may not have raised. And, again, Shellstrom is designed to avoid that by actually giving the defendant the opportunity to, if he has the claims, to present them in the first and most premature position. Right. But here's the problem. And, you know, your argument had some superficial appeal because you're saying, well, maybe he doesn't know that he has the right to complain about counsel at all. So we send it back to find out, but the petition obviously verifies that he knows he can complain about his counsel because he complained about it. So we're going to send it back and say, what else do you want to complain about, about your counsel? Well, Your Honor, the bottom line in this case is that the defendant has not had his opportunity for the first PC. I understand your argument that the successive PC could substitute somehow or stand in the place of the original post-conviction petition. But, again, I just have to answer to that line of reasoning is that we just don't know. And that's what Shelstrom is designed to, to eliminate the uncertainty by giving him the clear opportunity of being able to raise all of his constitutional errors in one initial PC. And the court has no further questions. You will have an opportunity for a reply, though. Thank you, Your Honor. Thank you. Good morning, Your Honors. Counsel, my name is Diane Campbell. I have the pleasure of representing the state this morning. If you'll note, the original briefing attorney was Mary Beth Burns. She had cataract surgery yesterday, so I am substituting for her on argument today. A couple, the two major points are, is this a re-characterization? And in the original briefing, Ms. Burns cited People v. Schiff. I'm going to address that in a minute. But I want to first address a case that my opposing counsel mentioned in his reply brief, People v. Jenkins. And that is similar to this. In that case, the defendant labeled his petition as a successive. It was then discovered that it was properly a first post-conviction petition. It was treated as such. I'm going to quote a couple things from that case. The court says, A pro se defendant is not necessarily the master of his claim, and the court may override his choice of procedural vehicle by which to seek relief. A pleading is not determined by the label applied to it by the defendant by its content and character. Re-characterizing a petition protects a pro se litigant from the possible harsh result arising from his lack of legal knowledge in selecting a method to attack his conviction. And then the court says, which is, I think, most relevant for this case, but here Jenkins properly labeled his petition as a petition brought under the Act. He only failed to recognize that because of the intervening judgment, his petition counted as an initial post-conviction petition. The court and not the pro se petitioner should bear responsibility for that. So in that case, it was very analogous to this case. The defendant also labeled it erroneously as a successor. The audience says, no, you're wrong. It's your initial, and I'll treat it as your initial, as it would if you first filed it. Dismissed it? No. The court actually got considered on the merits, and in that case the court found that he had, in fact, raised just a claim. He had given sufficient factual information that the court could determine that it should go back to court. Let me ask this procedurally. We don't have to get too far into that. In other words, the judge in that case did not notify the defendant under Shellstrom, hey, you made a mistake. I'm treating this as your first. Exactly. He didn't do it. And the court there opined that was not error in doing that. Correct. But what he did do was move it on to Stage 2. Well, that's because after examining it as a first stage, he did not find it to be frivolous and peddling about merit. Correct. Here, the trial judge made that assessment, and he can consult the record obviously making that. And in that, this will also address some of the questions about, you know, what he may or may not have raised or what his awareness was about waiving claims because the defendant effectively had an entire first post-conviction proceeding, which the court later found to be a null because his dad had filed it. But in the process of that, and that wasn't discovered until up on appeal, but during the course of proceedings, he was appointed an attorney, Sheldon Green. Sheldon Green read the record. Every word of every page is, I think, his phraseology. He went and consulted with the defendant about potential errors. He then came back. He consulted the police report. I have to stop you there because that might be what we call technically yours, the record. Is there a record of this? This is all in. The counsel wrote a motion to withdraw because he could not, you know, as an office of the court, file a proceeding that he could sign off on. So that is Sheldon Green's motion to withdraw as counsel. It is in the record. The defendant was also sent the state's motion to dismiss his first petition and that laid out all defects and problems with that, which was remarkably similar to what he later filed. So his awareness of what he could do, of potential trial errors, is all set out in the record. Does the record talk about ineffective assistance of appellate counsel? It does. It is in the direct appeal. Not of appellate counsel? No. Yes or no? It's in the first PC or it's not? It's not. Did Mr. Green raise it? Mr. Green did a thorough analysis and he found out that he's obviously looking for trial court error, and he is finding that the trial attorney was not ineffective. So if the trial attorney was not ineffective, appellate counsel can't be ineffective for failing to raise a non-issue. That's a well-settled principle. Okay. So defendant, when he's drafting this, has access because he has sent both the motion to withdraw by Sheldon Green, his appointed counsel, and the state's motion seeking to dismiss the prior proceeding at the second stage. So he's fully cognizant of the requirements. Obviously, sorry, he's aware of what he's doing because he files the success of your honor to make that point. But again, someone used the phrase, you know, if it walks like a duck and quacks like a duck, it's a duck. This is a duck. He wanted a post-conviction. He got a post-conviction. Under Jenkins, the court properly considered it as a first stage. He found it to be totally frivolous and people without merit. That is more than amply borne out by the record, which the trial court, you know, considers, you know, entirely legitimately. So, and I also want to refer to the ship case. And in that, the court said that the trial court did not recharacterize the defendant's petition as a post-conviction. The defendant did that in his heading. And in that, the pro se defendant filed a petition for relief from judgment pursuant to the Illinois Post-Conviction Act. So his mishmashing of the phrases did not deter from the court's finding that he asked for a post-conviction. He got a post-conviction. That's the ship case. But I really think that Jenkins is most applicable to this. And obviously, you know, part of the Shellstrom philosophy is ensuring that a defendant gets a consideration of the type of error he wants to. That's why the court is considering it a recharacterization when he changed from a 214-01 or a mandamus or a federal motion for re-trial. In the other mode, cognizable, and the courts refer it to as cognizable under Illinois law. So if it's under the, if it's brought under the act, it's PC. Exactly. No matter what other superfluous words are in that heading. If you use PC for this act, citing the appropriate statutory citation, it's a PC. Right. If you ask for a PC, you get a PC, and you don't have to get a Shellstrom. But in this case, the defendant in the prior proceeding, which was later found to be a melody, got the Shellstrom admonitions. So, again, he has knowledge of what is involved in the original and the dangers of not alleging any errors that it could be found to be. It ties into this case. The more I think about this, the subtleties and the nuances here. Okay. Shellstrom is designed to protect the defendant, letting him know he's under the act with his collateral constitutional claims. The Court doesn't send him a notice saying, you know, you got to raise an effective assistance to counsel on appeal, all the potential issues that the defendant is presumed to know what those potential implications are, as long as he knows it's under the act. That's what started Shellstrom. Right. Because the defendant in that case may not have known he was falling under the PC act. So what we're saying here is the defendant knows he's falling under PC, not only because of the procedural history, because he labeled it that. Exactly. So what you're saying to defense counsel is, hey, the fact is he knows the potential ramifications here. He knows he has to include all of these things, including appellate counsel. We don't need to send it back for you to tell him what Shellstrom says he's presumed to know, because in Shellstrom, all you'd be telling him is you're under the act. Yeah. Here, he knows he's under the act. Exactly. Whether he knows all the things he could raise, that would be on him, would it not? Exactly. And Hodges and DeCosley, you know, set out a lot of the differences between the different modes of collateral challenge. And here, you know, when you're converting from one mode to another is when you re-characterize it. And if you're within the same act, there's only one post-conviction hearing act. So when you come under that, it has a couple stages. But when you're under that act and you're seeking relief under that act, as this defendant is, particularly with his extensive history with the prior nullified post-conviction, he's fully aware of what he is doing and his obligations and opportunities under that. And the court, quite frankly and correctly, found that he was frivolous and peddling about that. Now, you said he had previously received the Shellstrom admonishments. Were you referring to this defendant or the Jenkins case? No, this defendant. In this case, in the prior nullified. Because this is the third appeal. Yeah. And so, okay. So what you're saying is basically it was a virtual Shellstrom. Shellstrom. Yes. I mean, he didn't file something. The trial judge brings him up and says, just so you know, if this is a real post-conviction. So you're arguing because he had counsel appointed, because he had an amended blah, blah, blah, that was in effect his notice for what was contained, what he should be putting in this pleading, whatever title it got. Well, first of all, I would say that my first argument is there's no Shellstrom required because it's not required. I know, but that's not where we're going here. Even if you wanted to say that he was required, in this case, and in, I think it's the Escobedo case, they talk about whether or not you can have harmless error. And in that case, the first district says, we can't find anything in Shellstrom suggesting failure to provide the admonition may be subject to harmless error analysis. But that is the first district and not in this case. I think in this case, you know, it's clear that there, if any error occurred, it was harmless because of the extensive procedural history in this case. And again, this court's not bound by the first district's ruling and, you know, we go back again to my base argument, which is it's not required because it's not a characterization. And indeed, you know, defense counsel acknowledges that at page 8, this is a unique situation and that it's distinctive. I think, you know, at any prior time, the courts were not looking at a case in this case's procedural posture, which is... But this case could come up again, could it not? Somebody could mislabel a, what should have been an issue, a successive, correct? Oh, yeah. Well, that's what happened in Jenkins. Right. Or, you know, if the defendant had titled it request for an evidentiary hearing under the Post-Conviction Act. He's bumped himself up to the third stage, you know, and the court obviously is not going to treat that for an evidentiary hearing. It's going to consider it as, you know, a first stage. But again, it's not the label or the title. It's the character and the content. But there's no case, no court weighing in on this particular fact pattern yet, correct? Jenkins is the closest. Well, but as you pointed out, it is, and I agree with you there, because they opine on whether or not the court had to recharacterize it. But that, you still got the benefit because he went on to a full-blown evidentiary hearing. In Jenkins, did he not? Yeah, he went on to at least stage 2. I'm sorry. He went to the stage 2. Right. But in that case, the court had found that he had, in fact, presented the gist of the claim. I think so. But it's still different here because here the trial has been specific. Right. That's why I was also mentioning the ship case. Okay.  No. Do you wish to conclude? The first point I would like to make in rebuttal is that if the Jenkins court had not moved that proceeding to the second stage, we would have the same error that we're arguing about here today for not giving the Shellstrom admonishments. Well, Jenkins court did not ostensibly say that the trial judge was not obligated to recharacterize it. Which is dicta. Which would be dicta, yes. It would be dicta, yes. And again, because they moved it to the second stage, the issue that this court has before it today was not really addressed. And I'm suggesting that if it had not been moved to the second stage, the issue that we're addressing today would have been right for a decision. You know, as we discuss this and further questions come to mind, so here's what I'm wrestling with in the argument. The purpose of Shellstrom is so the defendant is warned that this is being treated under the post-conviction act. All of the claims have to be in there. It's presumed that when the court tells the defendant the notice is he's under the act. The trial court never lays out these are all the potential things you could be waiving if you go under the act. He's put on notice under the act, quote, unquote. Here the defendant knew it would be under the act. Albeit nobody told him specifically, hey, you can list one through ten and that would include arguments about a bill of counsel. He still knows he's under the act, which is all that Shellstrom requires. The trial judge isn't required to give notice that breaks down all of the potential claims or errors he could allege, is it? Well, Shellstrom does warn him that if he does not withdraw his pleading or amend his pleading in any future petition under the act, he will be subject to the restrictions of the act. And he knows this here because he filed it under the act, doesn't he? He filed a successive PC petition. He labeled it a successive PC petition. He filed a motion for leave to file a successive PC petition. So he knows he'd be under the act, correct? If he knew he was under the act, my point is that why file a successive PC? Why not file the original PC in the first place? This is a defendant. The record, there's language in the record indicating that you can read it at a fourth grade level. I am not sure this defendant can understand the intricacies of the act. The other point I would like to make is that Shellstrom does not limit its application to pleadings that are labeled as something that fall under the act. So Shellstrom doesn't say... What is that based on? Because you just said you found no case law to support otherwise. So that statement, what is that based on? Which one, Your Honor? The last one which you just said. That Shellstrom does not limit? Correct. Because Shellstrom, in the language in Shellstrom, he talks about maximal causes of action. It doesn't say Shellstrom only applies to pleadings that are filed and labeled as something other than the act. It doesn't say Shellstrom does not apply to pleadings filed within the act. There's no limitation in Shellstrom that says that because defendant filed a successive PC erroneously by mistake when he intended to file an original petition that Shellstrom did not cover or apply in that situation. What Shellstrom says is that it applies to recognizable causes of action, independent recognizable causes of action. And what I'm suggesting to the Court is that a successive PC is an independent recognizable cause of action separate from the different original post-conviction petition. Because we have two different recognizable causes of action. Because Shellstrom says that it applies to different recognizable causes of action. And Shellstrom applies here. I think you're conflating the requirements of Shellstrom. The whole purpose of Shellstrom is to give notice, quote-unquote, to the defendant that he's under the act. That tells him that there's intended ramifications from that. Do you have any cases that say in the notice to the defendant, the trial judge has to break down all the possible permutations of all of these proceedings? No. But I would suggest to you, Your Honor, that Shellstrom is more than saying you are falling under the act. Shellstrom warns the defendant that if he does not withdraw the pleading that he has filed, then he will be subject to the restrictions of any further pleadings that he files. And the defendant wouldn't know this when he files a petition labeled post-conviction? He may not know it when he files a petition called a successive PC petition. And then he should then be allowed to withdraw or amend the petition. He may, after he receives the warning, he may decide, well, I made a mistake in filing a successive PC because I had this other claim of ineffective assistance of appellate counsel that I would have included if I had known that this was going to be an original post-conviction petition. So again, the big picture here is that this argument is all about giving the plaintiff an opportunity to present his claims of constitutional errors. What about counsel's argument that, although I recharacterized her argument, as that your client basically had a virtual Shellstrom admonishment in the prior proceedings where he went from Stage 1 to Stage 2, he had counsel appointed, counsel read the record, conversed with him, chatted with him about all potential issues. Doesn't that make a difference here? The Greer motion, the problem with the Greer motion that I see is that it related to a proceeding that was a nullity. It may be a nullity. But my question is, it's the notice, whether the trial judge is going to recharacterize something that is just a nullity. I mean, the trial judge can look at it and go, this just makes no sense. It's whatever. But before I think of it as a PC, I'm going to bring you up here. I'm going to tell you these things. Wasn't that accomplished by his prior counsel on the PC that ultimately was stricken? That is a very good question. With Greer, counsel does not have to explore all of the potential issues that may exist in the record or outside the record. But he has to explore everything that the defendant brings to him. Yes. And so why would I assume that there is the ineffective assistance of appellate counsel here, which would be forfeited, if on a stage two, when you have an attorney sitting there going through the record with you, asking you questions, you can tell that attorney anything, and yet it does not appear there that it would appear here. What more notice? What else would have been flushed out? All right. One thing that may have been flushed out, or that would not necessarily be flushed out, would be ineffective assistance of trial counsel relating to matters outside the record that was not included in the PC filed by the father. Why wouldn't counsel, why wouldn't the defendant have said that to his attorney? I don't know why. Maybe because he reads at a fourth-rate level. When he was on the stand at the hearing on the remand about whose signature was on the PC, he just washed his hands. My father did that. And he basically showed he was not very sophisticated. And so Greer counsel would have examined him about the claims the father brings. Greer counsel did not have an obligation to go beyond that. But he did have an obligation to talk to his client. He did, but only about the claims that the father raised. And he puts his hands over his ears when his client raises something else? Well, it... I mean, obviously, who knows? But at any rate, so your position is it's not enough? It's not enough because there's a possibility that Greer counsel may not have explored ineffective assistance of trial counsel outside the record. I have no further questions. Do you want to sum up your position? Yes, Your Honor. For the reasons that I have argued today, I will ask the court to remand this cause for proceeding consistent with the judgment. Thank you, Your Honor.  We are in recess until 9 p.m.